WALTER KEEBLE, in Error, v. R. T. TOMPKINS, EX'R, etc.

BILL SINGLE. *Action on. Statute of Limitation.* Where the cause of action upon a bill single acrued before the 1st of October, 1858, by Section 41 of the Code, the Statutory Limitations prescribed by the Code will not apply.

Code, Sections 47, 1804, 2769, 2775.

---

FROM RUTHERFORD.

---

Appeal from the Circuit Court. W. H. WILLIAMSON, Judge.

E. D. HANCOCK for Keeble.

PALMER & RICHARDSON for Tompkins.

McFARLAND, J., delivered the opinion of the Court.

This action was brought upon a bill single executed on the 1st day of January, 1858, and due one day after date. The action was commenced on the 6th day of March, 1871. The defendant pleaded the Statute of Limitations of six years. A demurrer to this plea was sustained by the Circuit Judge, and the only question for our consideration is, was the holding correct.

Previous to the adoption of our present Code (May, 1858), there was no Statute of Limitation applicable to an action of debt founded upon a bill single. By the Code, Section 1804, the use of private seals in written contracts, except the seals of corporations, is abolished, and written contracts left to stand upon the same foot-

ing in this respect, and the limitation of six years pre-
scribed by Sections 2769 and 2775, for actions "on con-
tracts not otherwise expressly provided for," is certainly
comprehensive enough to embrace the present action,
and as it applies duly to the remedy, we make no
question as to the power of the Legislature to make
the limitation applicable to causes of action then exist-
ing.    But among the provisions applicable to the whole,
Code, Section 47, enacts that "causes of action accru-
ing before the 1st of October next, shall not be affected
by the limitation herein provided, but shall be subject to
existing limitations, and where the limitation is uncertain,
by reason of its application to forms of action abolished by
this Code, the longest time prescribed for the commence-
ment of an action in any form for such cause shall be
allowed."    As the cause of action in the present case
accrued before the 1st of October, 1858, the limitations
prescribed by the Code do not apply.    This is the
plain and unambiguous meaning of the language of Sec.
47, above set forth, and the law as to the limitation
of an action founded upon a bill single remained as
it existed at the adoption of the Code, and we have
said there was no Statute then limiting the time in
which an action upon a bill single could be brought.

We think there was no error in the action of the
Circuit Court, and the judgment will be affirmed.